Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000110
13-JUL-2011
10:12 AM

NO. CAAP-11-0000110

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LYLE F. NAKAMASU, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0012; CR. NO. 98-2314)


ORDER DISMISSING APPEAL
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Petitioner-Appellant Lyle F. Nakamasu (Appellant) has asserted from the Honorable Virginia Lea Crandall's January 11, 2011 Findings of Fact, Conclusions of Law, and Order Denying Petition Without a Hearing (the January 11, 2011 order) because the appeal is untimely under Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure (HRAP).

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawaiʻi 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted). "In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawaiʻi 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Therefore, pursuant to Hawaiʻi Revised Statutes (HRS) § 641-11 (Supp. 2010) and Rule 40(h) of the Hawaiʻi Rules of Penal Procedure (HRPP), "appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in

accordance with Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). The supreme court does not apply the separate document rule (see Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334 (1994)) to special proceedings for motions for post-conviction relief pursuant to HRPP Rule 40. The January 11, 2011 order resolved all of the issues in Appellant's April 28, 2010 HRPP Rule 40 petition for post-conviction relief by denying all of the relief for which Appellant prayed, leaving nothing further to be accomplished. Therefore, the January 11, 2011 order is an appealable final order pursuant to HRS § 641-11 and HRPP Rule 40(h).

"[P]ursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order." Grattafiori v. State, 79 Hawaiʻi at 13, 897 P.2d at 940. However, the supreme court has held that, under analogous circumstances in a civil case, when a pro se prisoner attempts to assert an appeal, the "notice of appeal is deemed filed for purposes of Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a) on the day it is tendered to prison officials by a pro se prisoner." Setala v. J.C. Penney Company, 97 Hawaiʻi 484, 485, 40 P.3d 886, 887 (2002) (internal quotation marks omitted). In the instant case, HRAP Rule 4(b) provides the controlling time period rather than HRAP Rule 4(a). Appellant Nakamasu tendered his February 23, 2011 notice of appeal to prison officials for mailing on February 17, 2011, which was not within thirty days after entry of the January 11, 2011 order, as HRAP Rule 4(b)(1) requires. Therefore, Appellant's appeal is untimely.

"In criminal cases, [the supreme court] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawaiʻi 404, 407, 967 P.2d 236, 239 (1998). Specifically, the supreme court has permitted untimely appeals under two sets of circumstances:

> (1) [when] defense counsel has inexcusably or
> ineffectively failed to pursue a defendant's
> appeal from a criminal conviction in the fist
> instance, or (2) [when] the lower court's
> decision was unannounced and no notice of the
> entry of judgment was ever provided.

Grattafiori v. State, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (citations omitted).  These two exceptions do not apply to the instant case because (1) this case is not Appellant's appeal from his criminal conviction in the first instance, (2) there is no indication that counsel was involved in pursuing the instant appeal, and (3) the record shows that the circuit court provided Appellant with timely notice of the January 11, 2011 order. Therefore, Appellant does not qualify for the exceptions to the requirement that notices of appeal be timely filed.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction."  Grattafiori v. State, 79 Hawai'i at 13, 897 P.2d at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.").

Accordingly, IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000110 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 13, 2011.

*Craig N. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Lawrence M. Reifurth*

Associate Judge